Bt the Court.—Ingraham, J.
It is clear that, under the will of Francis Meehin, the fee of the real estate of the testator vested in his heirs at law subject to the power of sale contained in the will. Lent v. Howard, 89 N. Y. 177.
Before the defendant could acquire a valid title to said property in fee, he must in some way acquire the fee vested in the heirs at law of Meehin. The action to foreclose the mortgage which was a lien upon the property at the death of the testator, did not divest the heirs at law of the fee vested in them; they were not parties to that action.
The deed of the referee under the judgment in the action, conveyed the estate of the parties to the action, but did not affect the property or estate of those not parties. The legal title is still vested in the heirs at law. That the testator intended to convert the real estate into personalty, does not affect the method by which the property is to be converted. As between the executrix and the trustee and the beneficiaries, the proceeds of the land when sold would be personal and not real property; but the fee of the land vested in the heirs, and it must in some way be conveyed to the defendant to enable him to comply with his contract. That could be done by an execution of a power of sale because the fee vested in the heirs at law, was subject to the execution of that power, but such power of sale was not executed. It could also be done by the foreclosure of the mortgage; but, as a sale under the judgment in the action to foreclose would only affect the *346 title of the parties to the action, in order to divest the heirs at law of the fee vested in them, they must be parties to such action.
It is unnecessary to determine what interest in the property defendant acquired by the deed from the referee in the foreclosure action. Plaintiff was not bound to accept an equitable title, and, as the fee of the premises was not vested in the defendant, his conveyance was not a compliance with the contract.
The exceptions should, therefore, be overruled, and judgment ordered for plaintiff on the verdict with costs.
Sedgwick, Ch. J., concurred.